# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED SEPTEMBER 3, 2021

## NO. 03-21-00119-CV

**American Campus Communities, Inc. ; American Campus (PVAMU) Ltd.; American Campus (PVAMU IV) Ltd.; ACC OP (PVAMU VI), LLC; ACC OP (PVAMU VII), LLC; ACC OP (PVAMU VIII), LLC; American Campus (Laredo), Ltd.; American Campus (U of H), Ltd.; ACC OP (West Abram), LLC; ACC OP (The Block), LLC; 22 1/2 Street Partners, L.P.; Campus Investors Austin, LLC; Campus Investors Austin, LLC; ACC OP (Pearl Street), LLC; ACC OP (Retreat Sm), LLC; ACC OP (Retreat Sm Land), LLC; ACC OP (Sanctuary Lofts), LLC; ACC OP (Vistas San Marcos), LLC; ACC (Outpost San Marcos), L.P.; Campus Investors Hrse-SC, LLC; American Campus Communities Operating Partnership, L.P.; ACC (Outpost San Antonio), L.P.; ACC OP (West Campus), LLC; ACC OP (Uta Blvd.), LLC; ACC OP (26 West), LLC; GMH/GF Denton Associates, LLC; ACC OP (Cityparc), L.P.; Apkshv Lubbock, L.P.; ACC (Raiders Pass), L.P.; Lubbock Two Associates, LLC; Lubbock Main Street Associates, LLC; ACC OP (Overton Park), LLC; ACC OP (Tract 6), LLC; Sycamore Avenue Associates, LLC; ACC OP (Tracts 32 and 33), LLC; ACC OP (Denton-Fry), LLC; SHP-The Callaway House, L.P.; ACC OP (Callaway Villas), L.P.; ACC (Aggie Station), L.P.; ACC OP (Marion Pugh), LLC; ACC OP (South College Avenue), LLC; Campus Investors Baylor, LLC; & ACC OP (Speight Avenue), LLC, Appellants**

**v.**

**Beth Berry, Brooke Berry, Yael Spirer, and Hailey Hoppenstein, Individually and on behalf of all others similarly situated, Appellees**

---

**APPEAL FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
BEFORE CHIEF JUSTICE BYRNE, JUSTICES BAKER AND SMITH
MODIFIED AND, AS MODIFIED, AFFIRMED -- OPINION BY JUSTICE BAKER**

---

This is an appeal from the interlocutory order granting class certification signed by the trial court

on February 26, 2021. Having reviewed the record and the parties' arguments, the Court holds

that there was no reversible error in the order, but that the trial court erred in certifying a declaratory and injunctive claim as to appellants' post-2018 leases. Therefore, the Court modifies the trial court's certification order to remove references to such claim, as indicated below by strikethrough for deletions and underlining for corresponding grammatical corrections:

25. ~~Although~~ Defendants do not contest ~~its~~ <u>their</u> noncompliance with the statutory mandate of Texas Property Code Section 92.056(g) prior to circulating the "2018 Lease Addendum~~,~~<u>.</u>" ~~Plaintiffs assert the Defendants remain non-compliant with the statutory mandate of Texas Property Code Section 92.056(g). Thus, there is a live and justiciable controversy at issue.~~ Plaintiffs request relief enumerating the existence of the statutory right to notice specifically in mandated form, scope and availability of enforceability rights and remedies, and allowable damages. Plaintiffs further seek findings regarding whether the 2018 Lease Addendum ~~and residential leasing agreements since March 2018 are~~ <u>is</u> compliant with Texas Property Code.

26. The Court grants certification pursuant to Rule 42(b)(2) to answer and declare: (1) the existence of the statutory right to notice specifically in mandated form, (2) applicability of the Anti-Waiver requirements under Section~~s~~ 92.006, (3) whether condition precedents are required to seeking judicial remedies, (4) whether failure to provide the required notice in correct format affects past and future reliance ~~of~~ <u>on</u> defenses and allowable damages. This certification under Rule 42(b)(2) will provide binding findings declaring whether the 2018 Lease Addendum meets the disclosure requirements of Section 92.056(g)~~;~~ <u>and</u> whether the 2018 Lease Addendum violates the Anti-Waiver provision of Section 92.006<u>.</u>~~; whether the ACC residential lease agreements since 2018 to the present are compliant with § 92.006 and § 92.056(g); and (4) determine the appropriateness of formal prohibition of continued use of residential leases that do not contain the required statutory language in legislated format.~~

27. The Court finds that certification is appropriate to address claims seeking declarations of whether residential leases, including the use of the 2018 Lease Addendum, implicating an actual controversy regarding questions of construction or validity, which will serve a useful purpose or will terminate the certain controversies between the parties, including~~: (1)~~ legal sufficiency of ACC's 2018 Lease Addendum after testing compliance with Section 92.006(c) and/or Section 92.056(g)~~; and (2) legal sufficiency of ACC's 2018 current leasing agreements after testing compliance with Section 92.006(c) and/or Section 92.056(g)~~.

The Court affirms the interlocutory order as modified. Appellants shall pay all costs relating to this appeal, both in this Court and in the court below.

2